IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01381-MJW

ALFRED MCZEAL,
MARK S. MILLER,
JAMILIEH MILLER,
MATTHEW D. HAYNIE,
NHUT HUY LE,
CHAI MISTY LE, and
LOFTON RYAN BURRIS,

Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
MIDSOUTH BANK, NA,
HREAL COMPANY, LLC,
MIDSOUTH BANK SHARES, INC.,
L. J. ANGELLE,
PHH MORTGAGE,
WELLS FARGO BANK, NA,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
J.P. MORGAN CHASE BANK, NA,
US BANK,
NATIONAL ASSOCIATION AS TRUSTEE FOR MORTGAGE PASS THROUGH
CERTIFICATES SERIES 1998 R3,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
RBS FINANCIAL,
MACKLE ALTISOURCE,
WOLF ZLENTZ & MANN, P.C.,
SCHILLER & ADAM, P.A.,
HINSHAW & CULBERTSON, LLP,
MCCARTHY & HOLTHUS, LLP,
QUALITY LOAN SERVICES,
DOUGLAS A. TOLENO,
KENDRA WILEY,
SAMUEL R. COLEMAN, and
ELLEN B. SILVERMAN,

Defendants.

**ORDER TO SHOW CAUSE**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the Court pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges. (Docket No. 6.) It should be noted that at least one party does not consent to Magistrate Judge jurisdiction, and therefore this case will be reassigned to a District Judge forthwith.

The parties are advised that this is one of three Orders to Show Cause that the Court issues today:

1. Order to Show Cause As To Why Plaintiffs Alfred McZeal, Nhut Huy Le, Chai Misty Le, And Lofton Ryan Burris Should Not Be Dismissed For Failure To Appear;

2. Order to Show Cause As To Why Defendants RBS FINANCIAL; L. J. ANGELLE; ALTISOURCE; DEUTSCHE BANK NATIONAL TRUST COMPANY; DOUGLAS A. TOLENO; KENDRA WILEY; MACKIE WOLF ZLENTZ & MANN, P.C.; OCWEN LOAN SERVICING, LLC; HREAL COMPANY, LLC; SCHILLER & ADAM, P.A.; MIDSOUTH BANK SHARES, INC.; MIDSOUTH BANK, NA; US BANK; MCCARTHY & HOLTHUS, LLP; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; And QUALITY LOAN SERVICES Should Not Be Dismissed For Lack Of Service; and

3. Order to Show Cause As To Why Plaintiff Matthew D. Haynie's Claims Should Not Be Dismissed As Barred By Res Judicata And/Or Collateral Estoppel.

**Order to Show Cause As To Why**
**Plaintiffs Alfred McZeal, Nhut Huy Le, Chai Misty Le, And Lofton Ryan Burris**
**Should Not Be Dismissed For Failure To Appear**

On June 30, 2015, the Court entered an Order Setting Status Conference. (Docket No. 7.) That Order set a status conference for July 21, 2015, at 10:30 a.m., and it further directed all plaintiffs to appear in person. (*Id.*) On July 21, 2015, from

10:30 a.m. until approximately 11:40 a.m., that Status Conference was held. (Docket No. 38.) Despite the Court's order directing Plaintiffs to appeal in person, no appearance was made by or on behalf of Plaintiffs Alfred McZeal, Nhut Huy Le, Chai Misty Le, or Lofton Ryan Burris. (*Id.*) Further, none of these four plaintiffs filed a motion, telephoned chambers, or otherwise contacted the Court seeking to appear by telephone, to reschedule, or for any other relief from the Court's Order Setting Status Conference. Finally, the Court notes that the weather in Denver on the day of the Status Conference was clear, with no indication of conditions that would have caused Plaintiffs delay in arriving at the courthouse.

>Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
>
>If the plaintiff fails to prosecute or to comply with these rules **or a court order**, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) (emphasis added).

Furthermore, Rule 16(f) provides, in pertinent part, that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling **or other pretrial conference** . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

>(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) **dismissing the action or proceeding in whole or in part**;

(vi) rendering a default judgment against the disobedient party; or

(vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**ORDERED** that on **August 27, 2015, at 10:00 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held during which the **plaintiffs Alfred McZeal, Nhut Huy Le, Chai Misty Le, and Lofton Ryan Burris shall appear in person** and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b).

Dated: July 22, 2015  
Denver, Colorado

*s/ Michael J. Watanabe*  
Michael J. Watanabe  
United States Magistrate Judge