IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01381-WJM-MJW

ALFRED MCZEAL,
MARK S. MILLER,
JAMILIEH MILLER,
MATTHEW D. HAYNIE,
NHUT HUY LE,
CHAI MISTY LE, and
LOFTON RYAN BURRIS,

Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
MIDSOUTH BANK, NA,
HREAL COMPANY, LLC,
MIDSOUTH BANK SHARES, INC.,
L. J. ANGELLE,
PHH MORTGAGE,
WELLS FARGO BANK, NA,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
J.P. MORGAN CHASE BANK, NA,
US BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR MORTGAGE PASS THROUGH CERTIFICATES SERIES 1998 R3,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
RBS FINANCIAL,
ALTISOURCE,
MACKIE WOLF ZLENTZ & MANN, P.C.,
SCHILLER & ADAM, P.A.,
HINSHAW & CULBERTSON, LLP,
MCCARTHY & HOLTHUS, LLP,
QUALITY LOAN SERVICES,
DOUGLAS A. TOLENO,
KENDRA WILEY,
SAMUEL R. COLEMAN,
ELLEN B. SILVERMAN, and
JAY L. ANGELLE,

Defendants.

**REPORT & RECOMMENDATION ON
ORDERS TO SHOW CAUSE (Docket Nos. 39, 40, 41) and
MOTION TO DISMISS (Docket No. 13)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was before the Court on August 27, 2015, for a Show Cause Hearing pursuant to an Order Referring Case (Docket No. 53) and an Order referring Defendant Wells Fargo Bank, NA's Motion to Dismiss (Docket Nos. 13, 54). *See* Show Cause Orders (Docket Nos. 39, 40, and 41).

<u>Orders to Show Cause</u>

On July 21, 2015, a status conference was held in this case, at which all Plaintiffs had been ordered to appear in person. (Docket Nos. 7 & 38.) Three Plaintiffs appeared: Mark Miller, Jamilieh Miller, and Matthew Haynie. (Docket No. 38.) Mark Miller and Jamilieh Miller have since voluntarily withdrawn from the case under Rule 41(a). (Docket No. 63.) The remaining Plaintiffs were all ordered to show cause no later than August 27, 2015, at a Show Cause Hearing set for 10:00 a.m., why they should not be dismissed from this case for lack of prosecution and failure to follow court orders, under Fed. R. Civ. P. 16(f) and 41(b). (Docket No. 41.) On August 27, 2015, at 10:00 a.m., the remaining Plaintiffs subject to the Show Cause Order failed to appear, so the Court gave them an extra fifteen minutes to appear. These Plaintiffs, however, neither appeared nor otherwise showed cause. Furthermore, no communication was received by chambers requesting a continuance, to reschedule, to appear by telephone, or to otherwise explain the absence of the Plaintiffs subject to the Show Cause Order.

3

The Court notes that at 4:18 p.m. on August 26, 2015, a Notice of Appeal (Docket No. 65) was filed purportedly by Plaintiffs Alfred McZeal, Matthew D. Haynie, Nhut H. Le, Chai M Le, and Lofton Ryan Burris.[1]  These Plaintiffs, however, did not also seek a stay or continuance of the Show Cause Hearing.  Accordingly, the Court hereby RECOMMENDS that Plaintiffs Alfred McZeal, Nhut Huy Le, Chai Misty Le, and Lofton Ryan Burris be dismissed from this case pursuant to Rule 16(f) and Rule 41(b).

At the July 21, 2015, status conference, it was represented to the Court that Plaintiff Matthew Haynie had previously litigated the claims brought in this lawsuit.  The Court entered an Order to Show Cause directing Plaintiff Haynie to explain why his claims are not barred by res judicata and/or collateral estoppel.  (Docket No. 39; *see also* Docket Nos. 55, 56, & 57 (notices of related cases).)  Plaintiff Haynie did not comply with this order, did not file any documents or otherwise show cause why his claims are not barred, and did not appear at the Show Cause Hearing on August 27, 2015.  Accordingly, the Court hereby RECOMMENDS that Plaintiff Matthew Haynie be dismissed from this case pursuant to Rule 16(f) and Rule 41(b).

Finally, at the July 21, 2015, status conference, the Court noted deficiencies in service as to several Defendants.  The Court entered an Order to Show Cause directing Plaintiffs to file proof of proper service as to those Defendants or otherwise show cause why those Defendants should not be dismissed for lack of service and lack of prosecution.  (Docket No. 40.)  Plaintiffs have since filed proofs of service by certified mail as to three Defendants.  (Docket Nos. 60, 61, & 62.)  But as the Court explained in

---

[1] The signatures of these plaintiffs appear to have been written by the same individual.

4

its Order to Show Cause, certified mail is not an acceptable method of service in this District without prior leave of Court. (Docket No. 40.) Plaintiffs have failed to file any other proof of service nor have they shown cause why this case should not be dismissed. Accordingly, it is RECOMMENDED that Defendants RBS FINANCIAL; L. J. ANGELLE; ALTISOURCE; DEUTSCHE BANK NATIONAL TRUST COMPANY; DOUGLAS A. TOLENO; KENDRA WILEY; MACKIE WOLF ZLENTZ & MANN, P.C.; OCWEN LOAN SERVICING, LLC; HREAL COMPANY, LLC; SCHILLER & ADAM, P.A.; MIDSOUTH BANK SHARES, INC.; MIDSOUTH BANK, NA; US BANK; MCCARTHY & HOLTHUS, LLP; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; and QUALITY LOAN SERVICES be dismissed for lack of service under Rule 4(m) and lack of prosecution under Rule 41(b).

<u>Motion to Dismiss (Docket No. 13)</u>

The foregoing recommendations, if adopted by District Judge William J. Martinez, eliminate all Plaintiffs from this lawsuit. Accordingly, the Court RECOMMENDS that Defendant Wells Fargo, NA's Motion to Dismiss (Docket No. 13) be denied as moot.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Plaintiffs Alfred McZeal, Nhut Huy Le, Chai Misty Le, Lofton Ryan Burris, and Matthew Haynie be dismissed from this case pursuant to Rule 16(f) and Rule 41(b). It is further

**RECOMMENDED** that Defendants RBS FINANCIAL; L. J. ANGELLE; ALTISOURCE; DEUTSCHE BANK NATIONAL TRUST COMPANY; DOUGLAS A.

TOLENO; KENDRA WILEY; MACKIE WOLF ZLENTZ & MANN, P.C.; OCWEN LOAN SERVICING, LLC; HREAL COMPANY, LLC; SCHILLER & ADAM, P.A.; MIDSOUTH BANK SHARES, INC.; MIDSOUTH BANK, NA; US BANK; MCCARTHY & HOLTHUS, LLP; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; and QUALITY LOAN SERVICES be dismissed for lack of service under Rule 4(m) and lack of prosecution under Rule 41(b).  It is further

**RECOMMENDED** that the Court dismiss the claims of Plaintiffs Mark S. Miller and Jamilieh Miller pursuant to their Notice of Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1) (Docket No. 63).

If the above recommendations are approved, it is further

**RECOMMENDED** that Defendant Wells Fargo, NA's Motion to Dismiss (Docket No. 13) be denied as moot.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

6

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:     August 27, 2015                      *s/ Michael J. Watanabe*
              Denver, Colorado                Michael J. Watanabe
                                                                   United States Magistrate Judge