**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 5, 2015**

_____

**Elisabeth A. Shumaker**
**Clerk of Court**

| | |
|---|---|
| ALFRED MCZEAL; MATTHEW D. HAYNIE; NHUT HUY LE; CHAI MISTY LE; LOFTON RYAN BURRIS,<br><br>Plaintiffs - Appellants,<br><br>and<br><br>MARK S. MILLER; JAMILEH MILLER,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC; MIDSOUTH BANK, NA; HREAL COMPNAY, LLC; MIDSOUTH BANK SHARES, INC.; JAY L. ANGELLE; PHH MORTGAGE; WELLS FARGO BANK N.A.; FEDERAL HOME LOAN MORTGAGE CORPORATION; J.P. MORGAN CHASE BANK N.A.; US BANK; NATIONAL ASSOCIATION AS TRUSTEE FOR MORTGAGE PASS THROUGH CERTIFICATES SERIES 1998 R3; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY; RBS FINANCIAL; MACKLE ALTISOURCE; WOLF, ZIENTZ & MANN, P.C.; SCHILLER & ADAM, P.A.; HINSHAW & CULBERTSON, LLP; MCCARTHY & HOLTHUS, LLP; QUALITY LOAN SERVICES; DOUGLAS A. TOLENO; KENDRA WILEY; SAMUEL R. COLEMAN; ELLEN B. SILVERMAN, | No. 15-1305<br>(D.C. No. 1:15-CV-01381-WJM-MJW)<br>(D. Colo.) |

Defendants – Appellees.

_____

**ORDER**
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

This court lacks jurisdiction because no final or otherwise appealable order has been entered by the district court. The plaintiffs are appealing procedural orders entered by the magistrate judge.

This court has jurisdiction to review only final decisions, 28 U.S.C. § 1291, and specific types of interlocutory orders. A final decision is one that disposes of all issues on the merits and leaves nothing for the court to do but execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988). Moreover, except for proceedings conducted by the magistrate judge on consent of the parties pursuant to 28 U.S.C. § 636(c), a court of appeals lacks jurisdiction to hear an appeal taken directly from a decision of a magistrate judge. *See Colorado Building & Construction Trade Council v. B.B. Andersen Construction Co.*, 879 F.2d 809 (10th Cir. 1989).

The plaintiffs argue that this court has jurisdiction under 28 U.S.C. § 2253. However, that section only pertains to habeas corpus and 28 U.S.C. § 2255 proceedings.

The court notes that the district court entered final judgment on September 17, 2015.

**APPEAL DISMISSED**.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

*Ellen Rich Reiter*

by: Ellen Rich Reiter
   Jurisdictional Attorney